**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRAIG DAVIS,**

        **Plaintiff,**

**-vs-**                                             **Case No.  6:10-cv-1882-Orl-19DAB**

**IAP WORLDWIDE SERVICES, INC.,**

        **Defendant.**
_____

## ORDER

This case comes before the Court on the Amended Motion to Remand by Craig Davis, (Doc. No. 11, filed Jan. 9, 2011), and the Memorandum in Opposition to Plaintiff's Motion to Remand by IAP Worldwide Services, Inc. (Doc. No. 12, filed Jan. 24, 2011).

Craig Davis filed the instant action against his former employee, IAP Worldwide Services, Inc. ("IAP"), alleging a violation of Florida's Whistleblower Protection Act, Section 448.102, Florida Statutes. (Doc. No. 2, filed Dec. 17, 2010.)  The case was originally filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. (*Id*.)  However, on December 17, 2010, IAP filed a Notice of Removal stating that this Court may exercise diversity jurisdiction over the present matter pursuant to 28 U.S.C. § 1332.  (Doc. No. 1.)  The Notice of Removal also contends that removal is timely because the first unambiguous statement clearly establishing an amount in controversy in excess of $75,000 was received by IAP on December 8, 2010.  (*Id*. at 2.)

On January 9, 2011, Davis filed an Amended Motion to Remand arguing that this Court lacks jurisdiction over the present action pursuant to 28 U.S.C. § 1441(b) because IAP is a Florida corporation with its principal place of business in Florida.  (Doc. No. 11.)  IAP responded in

opposition, conceding that remand is appropriate under 28 U.S.C. § 1141(b), but arguing that the Court should exercise federal question jurisdiction over Davis' state law claim because the state law claim implicates significant federal law issues. (Doc. No. 12.)

In light of the fact that IAP presents a novel basis for jurisdiction in its response to the Amended Motion to Remand, Davis may file a reply and any objections to IAP's response, including but not limited to the timeliness of IAP's removal on the theory of federal question jurisdiction, within ten (10) days of the date of this Order. The reply may not exceed fourteen (14) pages.

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2011.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties