**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRAIG DAVIS,**

          **Plaintiff,**

**-vs-**                                            **Case No. 6:10-cv-1882-Orl-19DAB**

**IAP WORLDWIDE SERVICES, INC.,**

          **Defendant.**
_____

## ORDER

This case comes before the Court on the following:

1. Amended Motion to Remand by Craig Davis (Doc. No. 11, filed Jan. 9, 2011);

2. Memorandum in Opposition to Plaintiff's Motion to Remand by IAP Worldwide Services, Inc. (Doc. No. 12, filed Jan. 24, 2011); and

3. Reply Memorandum in Support of Amended Motion to Remand and Objections to IAP's Memorandum in Opposition to Plaintiff's Amended Motion to Remand by Craig Davis (Doc. No. 14, filed Feb. 7, 2011).

**Background**

Craig Davis filed the instant action against his former employee, IAP Worldwide Services, Inc. ("IAP"), alleging a violation of Florida's Whistleblower Protection Act, Section 448.102, Florida Statutes. (Doc. No. 2, filed Dec. 17, 2010.) The case was originally filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, (*id.* at 2), and IAP was served with the summons and the Complaint on July 16, 2010 (Doc. No. 1-1 at 1). On December 17, 2010, IAP filed a Notice of Removal alleging that this Court may exercise diversity jurisdiction over the present

matter pursuant to 28 U.S.C. § 1332. (Doc. No. 1.) IAP contends that the Notice of Removal is timely because the first unambiguous statement establishing an amount in controversy in excess of $75,000 was received by IAP on December 8, 2010. (*Id.* at 2.)

On January 9, 2011, Davis filed an Amended Motion to Remand arguing that this Court lacks jurisdiction over the present action pursuant to the forum defendant rule set forth in 28 U.S.C. § 1441(b). (Doc. No. 11.) IAP responded in opposition, conceding that remand is appropriate under 28 U.S.C. § 1441(b) but arguing that the Court should exercise federal question jurisdiction because Davis' state law claim implicates significant federal law issues. (Doc. No. 12.)

On January 27, 2011, the Court entered an Order granting Davis leave to file a reply and any objections to IAP's response in light of the fact that IAP's response presented a novel basis for federal jurisdiction. (Doc. No. 13.) On February 7, 2011, Davis filed a reply in accordance with the Court's Order objecting to the timeliness of the removal under a theory of federal question jurisdiction. (Doc. No. 14 at 2.)

**Analysis**

Removal of an action to federal court is "both permitted and required 'as soon as the action assumes the shape of a removable case in the court in which it is brought.'" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 759 (11th Cir. 2010) (quoting *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 101 (1898)). The requirement of promptness is set forth in 28 U.S.C. § 1446(b), which states that a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Where the case stated by the initial pleading is not removable, a "notice of removal may be filed

within thirty days after receipt by the defendant, through service or otherwise, of the copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id*. The thirty day time limit for removal "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). The statutory time limit for removal petitions is procedural, not jurisdictional, and a motion for remand citing "defect[s] in removal procedure" must be filed within thirty days of removal. 28 U.S.C. § 1447(c); *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).

In the present case, IAP was served on July 16, 2010, (Doc. No. 1-1 at 1), and the Notice of Removal was filed on December 17, 2010 (Doc. No. 1). While IAP initially argued that the Notice of Removal was timely because the first unambiguous statement establishing diversity jurisdiction was received by IAP on December 8, 2010, IAP now concedes that remand would be appropriate under a theory of diversity jurisdiction. (*Id*. at 2; Doc. No. 11 at 2.) As an alternative basis for jurisdiction, IAP contends that the Court should exercise federal question jurisdiction because Davis' state law claim implicates significant federal law issues. (Doc. No. 12.) Davis has objected to IAP's removal under this theory as untimely. (Doc. No. 14 at 2.) The Court agrees.

The Complaint set forth the claim for relief upon which IAP now bases its theory of removal. (Doc. No. 1-1 at 1.) However, the Notice of Removal, filed December 17, 2010, was not filed within thirty days after IAP was served with the summons and the Complaint, as required by 28 U.S.C. § 1446(b). Because petitioning for removal outside the thirty day window constitutes a defect in

removal procedure and Davis has properly objected to the timeliness of removal, the Court declines to exercise jurisdiction over the present action.

## Conclusion

Based on the foregoing, the Amended Motion to Remand (Doc. No. 11, filed Jan. 9, 2011) is **GRANTED**. This case shall be remanded to the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida.

**DONE** and **ORDERED** in Orlando, Florida on February 9, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties